IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND <br><br> Plaintiff, <br><br> v. <br><br> THE AULSON CO., INC. <br> ALAN AULSON <br> MAUREEN AULSON and <br> BOB HILSON <br><br> Defendants. | Case No. 1:07-cv-00684 <br> Assigned To: Friedman, Paul L. |

## ANSWER

Defendant The Aulson Co., Inc. ("the Company"), by undersigned Counsel, answers the numbered allegations in Plaintiff's Complaint as follows:

1. Admit, to the extent Plaintiff's claims are pleaded under the cited statutes; otherwise, denied.

2. Defendant lacks the knowledge necessary to admit or deny.

3. Admit, to the extent Plaintiff's claims are pleaded under the cited statutes; otherwise, denied.

4. Admit, except to the extent it states a legal conclusion, as to which admission or denial is not required.

5. Admit, except to the extent it states a legal conclusion, as to which admission or denial is not required.

6. This allegation relates solely to Defendant Alan Aulson, who is answering the Complaint through a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b). Thus, a further

response to this allegation is unnecessary. However, to the extent a response from the Company is required, admit that Alan Aulson is an individual and an owner or officer of the Company and that his business address is listed in the caption; otherwise, deny.

7. This allegation relates solely to Defendant Alan Aulson, who is answering the Complaint through a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b). Thus, a further response to this allegation is unnecessary. However, to the extent a response from the Company is required, admit that Maureen Aulson is an individual and an owner or officer of the Company and that his business address is listed in the caption; otherwise, deny.

8. This allegation relates solely to Defendant Bob Hilson, who is answering the Complaint through a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b). Thus, a further response to this allegation is unnecessary. However, to the extent a response from the Company is required, admit that Bob Hilson is an individual and that his business address is listed in the caption; otherwise, deny.

9. Admit.

10. Admit that the Company signed or agreed to abide by the terms of the Trust Agreement; otherwise, deny.

11. Admit that the Company agreed to the Labor Contracts and the terms set forth therein; otherwise, deny.

12. Admit that the Company agreed to the Labor Contracts and the terms set forth therein; otherwise, deny.

13. This allegation asserts a legal conclusion as to which admission or denial is not required; however, to the extent a response is required, deny.

14. Incorporate by reference the prior responses to Paragraphs 1 through 13.

15. Deny.

16. Deny.

17. Incorporate by reference the prior responses to Paragraphs 1 through 16.

18. Deny.

19. Deny.

20. Deny.

21. Incorporate by reference the prior responses to Paragraphs 1 through 20.

22. Admit that the Labor Contracts define the amount of contributions the Company is required to pay; otherwise, deny.

23. Defendant lacks the knowledge necessary to admit or deny the extent of the Fund's knowledge; otherwise, deny.

24. Deny.

25. Deny.

26. To the extent this allegation asserts a legal conclusion, an admission or denial is not required; however, to the extent a response is required, deny.

27. This allegation asserts a legal conclusion as to which admission or denial is not required; however, to the extent a response is required, deny.

28. This allegation asserts a legal conclusion as to which admission or denial is not required; however, to the extent a response is required, deny.

29. Incorporate by reference the prior responses to Paragraphs 1 through 28.

30. To the extent this allegation asserts a legal conclusion, an admission or denial is not required; however, to the extent a response is required, deny.

31. This allegation asserts a legal conclusion as to which admission or denial is not required; however, to the extent a response is required, deny.

32. Incorporate by reference the prior responses to Paragraphs 1 through 31.

33. To the extent this allegation asserts a legal conclusion, an admission or denial is not required; however, to the extent a response is required, deny.

34. Defendant lacks the knowledge necessary to admit or deny the extent of the Fund's knowledge; otherwise, deny.

35. This allegation asserts a legal conclusion as to which admission or denial is not required; however, to the extent a response is required, deny.

36. Incorporate by reference the prior responses to Paragraphs 1 through 35.

37. This allegation asserts a legal conclusion as to which admission or denial is not required; however, to the extent a response is required, deny.

38. Deny.

39. This allegation asserts a legal conclusion as to which admission or denial is not required; however, to the extent a response is required, deny.

40. This allegation relates solely to Defendants Alan Aulson, Maureen Aulson, and Bob Hilson who are answering the Complaint through a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b). Thus, a further response to this allegation is unnecessary. However, to the extent a response from the Company is required, incorporate by reference the prior responses to Paragraphs 1 through 39.

41. This allegation relates solely to Defendants Alan Aulson, Maureen Aulson, and Bob Hilson who are answering the Complaint through a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b). Thus, a further response to this allegation is unnecessary. Moreover, to the extent

this allegation asserts a legal conclusion, an admission or denial is not required. However, to the extent a response is required, deny.

42. This allegation relates solely to Defendants Alan Aulson, Maureen Aulson, and Bob Hilson who are answering the Complaint through a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b). Thus, a further response to this allegation is unnecessary. Moreover, to the extent this allegation asserts a legal conclusion, an admission or denial is not required. However, to the extent a response is required, deny.

43. This allegation relates solely to Defendants Alan Aulson, Maureen Aulson, and Bob Hilson who are answering the Complaint through a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b). Thus, a further response to this allegation is unnecessary. Moreover, to the extent this allegation asserts a legal conclusion, an admission or denial is not required. However, to the extent a response is required, deny.

44. This allegation relates solely to Defendants Alan Aulson, Maureen Aulson, and Bob Hilson who are answering the Complaint through a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b). Thus, a further response to this allegation is unnecessary. Moreover, to the extent this allegation asserts a legal conclusion, an admission or denial is not required. However, to the extent a response is required, deny.

45. This allegation relates solely to Defendants Alan Aulson, Maureen Aulson, and Bob Hilson who are answering the Complaint through a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b). Thus, a further response to this allegation is unnecessary. Moreover, this allegation asserts a legal conclusion as to which admission or denial is not required. However, to the extent a response is required, deny.

46. This allegation relates solely to Defendants Alan Aulson, Maureen Aulson, and Bob Hilson who are answering the Complaint through a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b). Thus, a further response to this allegation is unnecessary. Moreover, this allegation asserts a legal conclusion as to which admission or denial is not required. However, to the extent a response is required, deny.

47. This allegation relates solely to Defendants Alan Aulson, Maureen Aulson, and Bob Hilson who are answering the Complaint through a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b). Thus, a further response to this allegation is unnecessary. Moreover, this allegation asserts a legal conclusion as to which admission or denial is not required. However, to the extent a response is required, deny.

48. This allegation relates solely to Defendants Alan Aulson, Maureen Aulson, and Bob Hilson who are answering the Complaint through a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b). Thus, a further response to this allegation is unnecessary. Moreover, to the extent this allegation asserts a legal conclusion, an admission or denial is not required. However, to the extent a response is required, deny.

49. This allegation relates solely to Defendants Alan Aulson, Maureen Aulson, and Bob Hilson who are answering the Complaint through a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b). Thus, a further response to this allegation is unnecessary. Moreover, this allegation asserts a legal conclusion as to which admission or denial is not required. However, to the extent a response is required, deny.

50. This allegation relates solely to Defendants Alan Aulson, Maureen Aulson, and Bob Hilson who are answering the Complaint through a Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b). Thus, a further response to this allegation is unnecessary. Moreover, this

allegation asserts a legal conclusion as to which admission or denial is not required. However, to the extent a response is required, deny.

Any allegations not expressly responded to above are denied. Moreover, to the extent Defendants Alan Aulson, Maureen Aulson, and Bob Hilson are required to respond beyond the Motion To Dismiss filed simultaneously with this Answer, they respond to each allegation in the same manner as the Company, as set forth above.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

At least a portion of Plaintiffs' claims have been discharged under the doctrine of accord and satisfaction.

### Third Affirmative Defense

At least a portion of Plaintiffs' claims are preempted by the Labor Management Relations Act.

**Fourth Affirmative Defense**

At least a portion of Plaintiffs' claims are preempted by the ERISA.

.Dated: June 18, 2007

                Respectfully submitted,

                ISLER DARE RAY & RADCLIFFE, P.C.

                By:_____
                Edward Lee Isler, D.C. Bar No. 417076
                Derry Dean Sparlin, Jr.
                1919 Gallows Road, Suite 320
                Vienna, Virginia 22182
                (703) 748-2690 / (703) 748-2695 (fax)

                Attorneys for Defendants
                The Aulson Co., Inc., Alan Aulson,
                Maureen Aulson, and Bob Hilson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was, this 18th day of June, 2007, served by first class mail, postage prepaid, to the following:

>Sanford G. Rosenthal
>Jessica L. Tortella
>Jennings Sigmond, P.C.
>The Penn Mutual Towers, 16th Floor
>510 Walnut Street, Independence Square
>Philadelphia, Pennsylvania 19106

_____
Edward Lee Isler