**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,<br><br>          Plaintiff,<br><br>v.<br><br>THE AULSON CO., INC.<br><br>          Defendant. | Case No. 1:07-cv-00684<br>Assigned To: Friedman, Paul L. |

**PROPOSED DISCOVERY PLAN**

Plaintiff International Painters and Allied Trades Industry Pension Fund (the "Fund") and Defendant The Aulson Co., Inc. (the "Company"), through undersigned counsel, submit the following Proposed Discovery Plan in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3.

**A.**     **Certification of Rule 26(f) and Local Rule 16.3 Conference**

Counsel for the parties conferred on November 16, 2007 and November 28, 2007 regarding the matters set forth in Rule 26(f), Fed. R. Civ. P., and Local Rule 16.3. Counsel for the parties have discussed the nature and basis of their claims and defenses as well as possible settlement of the matter. A settlement agreement has not been completed, primarily because counsel need further information from their respective clients concerning the exact amount and status of the remaining claims. Many of these amounts are subject to pending claims against third-party bonding companies. Counsel remain optimistic that they can achieve a settlement.

**B.     Proposed Discovery Plan**

During the Rule 26(f)/Local Rule 16.3 conference, the parties made the following arrangements:

1.      On September 12, 2007, the parties filed a Joint Stipulation Dismissing Individual Defendants, which was granted by the Court on September 12, 2007.  The Court's Order resolved all claims with respect to Alan Aulson, Maureen Aulson, and Bob Hilson, who were originally named as co-defendants.  This matter, therefore, now consists solely of claims by the Fund against the Company.  If the claims against the Company are not resolved prior to the completion of discovery, the parties believe that this case likely can be decided at that point through dispositive motions.

2.      The parties agree that they will join any other parties or amend the pleadings on or before December 14, 2007.

3.      The parties are not agreeable to having the case assigned to a magistrate judge for all purposes, including trial.

4.      The parties have discussed settlement, and they continue to believe that a settlement is likely.

5.      The parties do not believe the case would benefit from the Court's alternative dispute resolution procedures.

6.      The parties believe this case can be resolved by summary judgment and agree that all motions for summary judgment and memoranda in support thereof must be filed on or before February 1, 2007.  The parties agree that their oppositions to such motions must be filed on or before March 3, 2007, and that their reply briefs shall be filed by March 17, 2007.  The parties propose May 9, 2007 as a possible date for a decision on such motions.

7. The parties will submit all disclosures required by Rule 26(a)(1) within 14 days after the conference scheduled for Wednesday, December 5, 2007.

8. The parties will conduct discovery on subjects related to the issues in the Complaint and Answer.  The parties agree to seek an Order of the Court in the event that confidential proprietary information is disclosed during discovery.  The parties anticipate entering into a stipulated Protective Order regarding the disclosure of any confidential proprietary information.  The parties do not anticipate that discovery will need to be extensive or prolonged.  The parties agree that all discovery, including answers to interrogatories, requests for production of documents, requests for admissions, and depositions, shall be completed by February 1, 2007.

9. The parties will provide expert witness disclosures under Rule 26(a)(2) within the time frame established by the Federal Rules of Civil Procedure and the Local Rules of this Court.

10. This case is not a class action lawsuit.

11. The parties do not believe that bifurcation of the trial and/or discovery is necessary.

12. The parties agree to allow the Court to select the date for the pretrial conference.

13. The parties request that the Court set a firm date for the trial of this case.

14. The parties discussed disclosure and/or discovery of electronically stored information as required by Rule 26(f).  The parties also discussed issues relating to privilege or protection of trial preparation materials as required by Rule 26(f)(3).  The parties also discussed issues relating to the preservation of discoverable information.  With respect to discoverable information in electronic format, the parties agree to the following:

(a) The parties may request, in their document requests and other written discovery, that information stored in electronic form be produced in electronic form pursuant to the requirements and conditions described in Fed. R. Civ. P. 34.  Absent an instruction to the contrary by a party seeking discovery, any requested information shall be produced in the standard hard-copy format or in a format that is reasonably useable.

(b) Absent an agreement of the parties, a party shall have no obligation to transfer information that is not stored in an electronic format into an electronic format for purposes of discovery.

(c) Disclosure or production of electronically stored information will be limited to data reasonably available to the parties in the ordinary course of business.

(d) The parties have discussed issues relating to the preservation of discoverable information and have taken steps to ensure such information is being preserved.

Dated: November 28, 2007

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ | /s/ |
| Kent G. Cprek, D.C. Bar No. 478231 | Edward Lee Isler, D.C. Bar No. 417076 |
| The Penn Mutual Towers, 16th Floor | Derry Dean Sparlin, Jr., D.C. Bar No. 411682 |
| 510 Walnut Street | 1919 Gallows Road, Suite 320 |
| Philadelphia, PA 19106-3683 | Vienna, Virginia 22182 |
| Phone: (215) 351-0611 | Phone: (703) 748-2690 |
| Fax: (215) 922-3524 | Fax: (703) 748-2695 |
|  | eisler@islerdare.com |
|  | dsparlin@islerdare.com |
| Counsel for Plaintiff | Counsel for Defendant |
| International Painters and Allied | The Aulson Co., Inc. |
| Trades Industry Pension Fund |  |

Of Counsel:

Philip A. Lozano
JENNINGS SIGMOND, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
Phone: (215) 351-0669

## CERTIFICATE OF SERVICE

  I hereby certify that on the 28th day of November, 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Sanford G. Rosenthal
    Jennings Sigmond, P.C.
    The Penn Mutual Towers, 16th Floor
    510 Walnut Street, Independence Square
    Philadelphia, PA 19106

I will also send a copy of the foregoing document via first class mail, postage prepaid, to the aforementioned recipient.

Respectfully submitted,

  /s/
_____
Derry Dean Sparlin, Jr., D.C. Bar No. 417076
1919 Gallows Road, Suite 320
Vienna, Virginia 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
dsparlin@islerdare.com

Counsel for Defendant
The Aulson Co., Inc.